UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD CHARLES HUNTER,

                              Plaintiff,        Case # 18-CV-1140-FPG

v.                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**INTRODUCTION**

On April 22, 2014, Plaintiff Richard Charles Hunter protectively applied for Supplemental Security Income under Title XVI of the Social Security Act. Tr.[1] 137-42. After the Social Security Administration ("SSA") denied his claim, Hunter testified at a hearing before Administrative Law Judge Stephen Cordovanni ("the ALJ"). Tr. 33-71. On October 31, 2016, the ALJ issued an unfavorable decision. Tr. 21-28. The Appeals Council granted Hunter's request for review, but ultimately issued an unfavorable decision on August 22, 2018. Tr. 1-8, 132-36. Hunter appealed to this Court seeking review of the SSA's final decision.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 15. For the reasons that follow, Hunter's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

1

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

Hunter argues that the Court should remand this case because the Appeals Council erred when it rejected the opinion of his treating physician, David M. Thomas, M.D., without providing good reasons for doing so. ECF No. 8-1 at 13-17. The Court agrees.

On February 20, 2017, approximately four months after the ALJ rendered his decision, Dr. Thomas completed a Physical Residual Functional Capacity ("RFC")[3] Questionnaire wherein he evaluated Hunter's ability to work. Tr. 10-13. Hunter submitted this opinion to the Appeals Council with his request for review.

A claimant can submit additional evidence to the Appeals Council if certain requirements are met. *See* 20 C.F.R. § 416.1470. The evidence must be new and material, relate to the period "on or before the date of the hearing decision," and create a reasonable probability that it would "change the outcome of the decision." *Id.* § 416.1470(a)(5). The claimant must also show good

---

[3] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. 20 C.F.R. § 416.920(e)-(f).

cause for not submitting the evidence sooner. *Id.* § 416.1470(b). Here, the Appeals Council rejected Dr. Thomas's opinion solely because it is dated February 20, 2017 and the ALJ decided Hunter's case on October 31, 2016, and therefore it "does not relate to the period at issue." Tr. 4.

This explanation was insufficient. As a general matter, when the SSA does not adequately explain the rationale for a decision, the Court "cannot provide meaningful judicial review." *Jones v. Barnhart*, No. CV-04-2772, 2004 WL 3158536, at *7 (E.D.N.Y. Feb. 3, 2004). Under the treating physician rule, there is a heightened need for explanation when an ALJ reviews a treating-source opinion. Under that rule, an ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam); *see also* 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

The treating physician rule applies both to the ALJ and the Appeals Council.[4] *See Durrant v. Berryhill*, No. 16-CV-6781, 2018 WL 1417311, at *4 (W.D.N.Y. Mar. 22, 2018) (collecting cases); *Brown v. Comm'r of Soc. Sec.*, No. 17-CV-1107, 2019 WL 2441862, at *4 (W.D.N.Y. June 12, 2019) (same). Consequently, like the ALJ, the Appeals Council must provide an "explicit

---

[4] "The Second Circuit has not squarely addressed the Appeals Council's obligation to apply the treating physician rule when it denies review"; however, "evidence submitted to the Appeals Council becomes part of the administrative record subject to judicial review." *Hissin v. Comm'r of Soc. Sec.*, No. 17-CV-1264-FPG, 2019 WL 4253899, at *3 n.2 (W.D.N.Y. Sept. 9, 2019) (quotation mark and citation omitted). If the Appeals Council did not have to give good reasons for rejecting a treating physician's opinion, the Court would have to "apply the treating physician analysis" in the first instance, when that analysis "must initially be applied by the Commissioner." *Patrick M. v. Saul*, No. 18-CV-290, 2019 WL 4071780, at *7 (N.D.N.Y. Aug. 28, 2019).

3

analysis" of the treating physician's opinion and cannot reject it with boilerplate language. *See Patrick M. v. Saul*, No. 18-CV-290, 2019 WL 4071780, at *7 (N.D.N.Y. Aug. 28, 2019) (Appeals Council violated treating physician rule when it stated only that treating-source opinion "does not show a reasonable probability that it would change the outcome of the decision").

Moreover, "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *Pulos v. Comm'r of Soc. Sec.*, No. 1:18-CV-00248 EAW, 2018 WL 5801551, at *6 (W.D.N.Y. Nov. 5, 2018) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). This is because the evidence "may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Id.* (quoting *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)).

Despite the Appeals Council's assertion to the contrary, it appears that Dr. Thomas's opinion relates to the period at issue. First, it was rendered less than four months after the ALJ issued his decision, and there is no indication that Hunter's condition worsened or changed during that time. Second, although Dr. Thomas does not explicitly cite the relevant period, he indicates that he treated Hunter every six-to-twelve months since 2009. He also refers to Hunter's hip, back, knee, and foot pain, which the ALJ found to be severe impairments[5] and the record reveals were ongoing for many years.

The Appeals Council's cursory rejection of Dr. Thomas's opinion was harmful to Hunter because it could have changed the outcome of his case. Dr. Thomas opined that Hunter's impairments imposed significant limitations on his ability to work, in stark contrast to the findings

---

[5] At step two of the five-step disability analysis, *see* 20 C.F.R. § 416.920(a)(4), an ALJ determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement … and significantly limits the claimant's ability to do basic work activities." *Williams v. Berryhill*, No. 16-CV-00807-LGF, 2018 WL 4501062, at *3 (W.D.N.Y. Sept. 20, 2018) (citations and quotation mark omitted).

the ALJ made in his RFC determination. This is particularly significant because there is no other record medical opinion as to Hunter's functional ability to work.[6] The ALJ also denied Hunter's claim in part because "there [was] no opinion given at any point in the record to suggest that [he] was disabled for a twelve-month period." Tr. 26. In his assessment, however, Dr. Thomas opined that Hunter's impairments have lasted or can be expected to last at least twelve months. Tr. 10. Thus, proper consideration of Dr. Thomas's opinion could have led to a more restrictive RFC determination or a finding of disability.

The Commissioner offers several reasons why Dr. Thomas's opinion should be rejected, *see* ECF No. 15-1 at 26-27, but the Commissioner cannot substitute her own rationale when the Appeals Council failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action.").

Accordingly, the Court finds that the Appeals Council violated the treating physician rule in its consideration of Dr. Thomas's opinion and therefore remand is required. *See Patrick M.*, 2019 WL 4071780, at *7 ("When the Appeals Council has not properly applied the treating physician rule in analyzing new evidence submitted to it, the remedy [is] a remand to an ALJ so that he or she can properly support analysis under that rule."). In light of this determination, the Court does not reach Hunter's remaining argument.

---

[6] Mario D. Santilli, M.D., completed a Physical RFC Questionnaire on June 2, 2015, just two months after Hunter had right knee surgery. Tr. 304-08. Dr. Santilli did not specifically assess Hunter's ability to perform work-related activities; instead, he indicated that Hunter was "totally disabled" but that his prognosis was "good." *Id.*

## CONCLUSION

Hunter's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court